```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                                    :

STUART AUGUSTINE                          :   BK No. 08-13979
             Debtor                           Chapter 7

STUART AUGUSTINE, VENESSA                 :
AUGUSTINE, and JOSEPH M. DiORIO, as
CHAPTER 7 TRUSTEE OF STUART               :
AUGUSTINE
             Plaintiffs                   :

v.                                        :   A.P. No. 09-1032

HSBC BANK USA, N.A., as Indenture         :
Trustee for the Registered Note
Holders of Renaissance Home Equity        :
Loan Trust 2007-1
             Defendant
- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER GRANTING IN PART
## DEFENDANT'S MOTION TO DISMISS

APPEARANCES:

    John B. Ennis, Esq.
    Attorney for Debtor/Plaintiffs
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920

    James G. Atchison, Esq.
    Attorney for Joseph DiOrio, Esq.
    Chapter 7 Trustee of Stuart Augustine
    LAW OFFICE OF JOSEPH M. DiORIO, INC.
    144 Westminster Street, Suite 302
    Providence, Rhode Island 02903

    Theodore A. Topouzis, Esq.
    Attorney for Defendant
    TOPOUZIS & ASSOCIATES, P.C.
    51 Jefferson Boulevard
    Warwick, Rhode Island 02888

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-13979; A.P. No. 09-1032

Heard on HSBC Bank's Motion to Dismiss, in part, an adversary proceeding in which the Debtor and his non-debtor spouse allege a material violation of the Federal Truth in Lending Act ("TILA").[1] Plaintiffs ask for rescission of their mortgage, actual statutory damages, and attorney's fees. HSBC Bank argues that even if a TILA violation is established, the request for damages and attorney's fees is time-barred.

## **BACKGROUND AND TRAVEL**

On December 1, 2006, Stuart and Venessa Augustine obtained a loan from Fidelity Mortgage which was secured by their principal residence in Winchester, Virginia. At the closing, the lenders did not provide the borrowers with 2 copies of the required notice of their right to rescind. Subsequently, playing the popular mid-2000's game of "musical mortgages," Fidelity assigned the Augustines' mortgage to HSBC Bank. This bankruptcy petition was filed on December 11, 2008, and the within adversary proceeding was commenced on April 1, 2009.

On January 13, 2009, the Augustines served notice to both Ocwen Loan Servicing LLC and HSBC Bank that they were asserting their right to rescind the mortgage, and for other relief. Neither Ocwen Loan Servicing LLC nor HBC Bank responded to the notice. On April 1, 2009, the Augustines commenced this adversary proceeding against HSBC Bank, pursuant to § 1635(a). HSBC Bank moved for (partial) dismissal, and

---

[1] 15 U.S.C. § 1601 et. seq.

BK No. 08-13979; A.P. No. 09-1032

Mr. and Mrs. Augustine and the Chapter 7 Trustee objected.  All of the facts alleged or pleaded herein are accepted as true.[2]

## DISCUSSION

**A. The Motion to Dismiss Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a complaint must contain sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

**B. The Federal Truth in Lending Act ("TILA")**

TILA requires creditors to make meaningful disclosure of credit terms to borrowers,[3] and if a creditor fails to comply with the disclosure requirements, the borrower may rescind the loan or seek damages.[4]  While TILA provides a generous three year right of rescission period following the loan transaction,[5] borrowers, on the other hand, are restricted to a shorter, one-year statute of limitations as to their right to seek damages.[6]

---

[2] *See Pasdon v. City of Peabody,* 417 F. 3d 225, 226 (1st Cir. 2005).

[3] *See generally Beach v. Ocwen Federal Bank,* 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

[4] *See* 15 U.S.C. §§ 1635, 1640.

[5] 15 U.S.C. § 1635(f).

[6] 15 U.S.C. § 1640(e).

2

BK No. 08-13979; A.P. No. 09-1032

Since it is undisputed that the Augustines filed the within adversary proceeding on April 1, 2009, more than two years after the December 1, 2006 closing date, their statutory claim for damages is untimely.

While the Augustines' claim for damages is clearly time-barred, the attorney fee provisions of § 1640(a)(3) are separate from the § 1640(e) statute of limitations.[7] Thus, the Augustines *may* be entitled to attorney's fees *if* they prevail in the § 1635 rescission action.[8]

Accordingly, HSBC Bank's Motion to Dismiss is **GRANTED** with respect to the § 1635(a) damages claim, and **DENIED** as to the rescission and attorney fee issues.

Regarding the merits of the surviving claim(s), pursuant to R.I. LBR 7026-1(c) the parties shall file a discovery plan within 2 weeks from the date of this Order.

Dated at Providence, Rhode Island, this    4th    day of February, 2010.

                                          Arthur N. Votolato
                                          U.S. Bankruptcy Judge

Entered on docket: 2/4/2010

---

[7] *See Burley v. Bastrop Loan Co., Inc.,* 407 F.Supp. 773, 778-779 (W.D. La. 1976), *rev'd on other grounds,* 590 F.2d 160 (5th Cir. 1979).

[8] 15 U.S.C. § 1640(a)(3).

3